NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAMON CHARLES WILLIAMS,

Petitioner-Appellant,

v.

KELLY LAIMANA; BEST WESTERN
INTERNATIONAL, INC.,

Respondents-Appellees.

No. 21-55053

D.C. No. 8:20-cv-01110-DOC-ADS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 15, 2022**

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Damon Charles Williams appeals pro se from the district court's judgment in

his petition to confirm an arbitration award.  We have jurisdiction under 28 U.S.C.

§ 1291 and 9 U.S.C. § 16.  We review de novo a district court's decision to vacate

an arbitration award.  *Lagstein v. Certain Underwriters at Lloyd's, London*, 607

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 634, 640 (9th Cir. 2010). We affirm.

The district court properly vacated the arbitration award because the record showed by clear and convincing evidence that the award was procured by fraud. *See* 9 U.S.C. § 10(a)(1) (setting forth grounds on which a court may vacate an arbitration award). Moreover, the fraud was not discoverable by due diligence before or during the proceeding and was materially related to the submitted issue. *See Pac. & Arctic Ry. & Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991) (providing requirements for establishing fraud).

The district court did not abuse its discretion by awarding attorney's fees as a sanction against Williams or in its determination of the amount of the award. *See Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005) (setting forth standard of review and describing grounds for Rule 11 sanctions; a district court does not abuse its discretion unless its decision is based on an erroneous view of the law or a clearly erroneous assessment of the evidence); *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987) ("The district court has wide discretion in determining the appropriate sanction for a Rule 11 violation.").

We reject as without merit Williams's contentions that the motion to vacate was time-barred or filed in an improper venue.

21-55053

Appellee Best Western International, Inc.'s request for judicial notice, set forth in its answering brief, is denied as unnecessary.

**AFFIRMED.**

21-55053